NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0100n.06

No. 18-5071

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| | ) | Mar 01, 2019 |
| Plaintiff-Appellee, | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| ANTONIO JOHNSON, | ) | COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |

Before: KETHLEDGE, WHITE, and BUSH, Circuit Judges.

KETHLEDGE, Circuit Judge. Antonio Johnson pled guilty to eight drug offenses in a written plea agreement. The agreement stated that the applicable Guidelines' range for Johnson's offenses was 151-188 months' imprisonment, based in large part on Johnson's agreement that he was a career offender under U.S.S.G. § 4B1.1. [*See* R. 34, Pg. ID 84.] The plea agreement further stated that Johnson would be sentenced to 151 months' imprisonment and three years' supervised release. *See* Fed. R. Crim. P. 11(c)(1)(C). Johnson also waived his right to appeal his sentence, with a few exceptions including for claims of ineffective assistance of counsel.

At his sentencing hearing, Johnson moved to withdraw from the plea agreement, asserting for the first time that he was not a career offender and thus that his Guidelines' range was incorrect. [R. 52, Pg. ID 263-65.] The district court overruled the objection and sentenced Johnson to 151 months. Johnson now appeals.

Johnson now makes only a claim of ineffective assistance of counsel, to which the waiver agreement indisputably does not apply. Johnson's specific complaint is that his lawyer should not have advised him to agree, as Johnson did in the plea agreement, that he is a career offender. We usually hear ineffective-assistance claims through a petition under 28 U.S.C. § 2255, rather than through a direct appeal, because the district court is "the forum best suited to developing the facts necessary to determining the adequacy of representation[.]" *Massaro v. United States*, 538 U.S. 500, 505 (2003). Thus, defendants generally may not claim ineffective assistance of counsel on direct appeal unless they have "adequately developed the record." *United States v. Ferguson*, 669 F.3d 756, 762 (6th Cir. 2012). Here, the record reveals nothing about the reasons for the advice Johnson's counsel gave him about the plea agreement. We therefore do not address his argument in this direct appeal.

The district court's judgment is affirmed.